Nicole G. True, Bar No. 12879
NTrue@lrrc.com
LEWIS ROCA ROTHGERBER CHRISTIE LLP
201 East Washington Street, Suite 1200
Phoenix, AZ 85004
Tel:   602.262.5311
Fax:   602.262.5747

Attorneys for Defendant
Brighthouse Life Insurance Company

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN DORNELLAS as Trustee of the SHELLY COLLINS REVOCABLE LIVING TRUST, | CASE NUMBER. 2:20-cv-00141-GMN-BNW |
| Plaintiff, | **[PROPOSED] ORDER** |
| v. | |
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY; BRIGHTHOUSE LIFE INSURANCE COMPANY; DOES 1-10; and ROE CORPORATIONS 1-10, | |
| Defendants. | |
| BRIGHTHOUSE LIFE INSURANCE COMPANY | |
| Third Party Plaintiff, | |
| v. | |
| BRIAN DORNELLAS as Trustee of the SHELLY COLLINS REVOCABLE LIVING TRUST; GEORGE SCHMIDT, as Trustee of the SHELLY COLLINS TESTAMENTARY TRUST; THE ESTATE OF SHELLY COLLINS, and DOES 1-10, | |
| Counter-Defendants. | |

112655559.1

201 East Washington Street, Suite 1200 Phoenix, AZ 85004

     Upon Joint Motion for an Order for Distribution and Other Relief submitted by Plaintiff, Brian Dornellas as Trustee of the Shelly Collins Revocable Living Trust, ("Plaintiff") and Defendant Brighthouse Life Insurance Company f/k/a MetLife Insurance Company USA f/k/a The Travelers Insurance Company ("Brighthouse"), and good cause having been shown,

**IT IS ORDERED** as follows:

    1)    Default Judgment is hereby entered against Third Party Defendant George Schmidt, as Trustee of the Shelly Collins Testamentary Trust, with respect to the claims asserted by Brighthouse in its Third Party complaint Interpleader;

    2)    Brighthouse shall cause to be delivered to Plaintiff's counsel a check payable to "David Liebrader Atty Trust Acct" in the amount of $307,374.87 ("Death Benefit"), representing the death benefit payable in connection with Brighthouse Annuity number 0327193 (the "Annuity"), which was issued to Shelly Collins;

    3)    Upon payment of the Death Benefit as described in Paragraph 2 above, Brighthouse shall be, and hereby is, released and discharged from any and all liability to Plaintiff and the Third Party Defendants, any other person or entity making a claim by, through or under them, relating to, or in connection with, or arising out of the Annuity and/or the Death Benefit and/or interest thereon, and the Plaintiff and the Third Party Defendants, any other person or entity making a claim by, through or under them, shall be permanently enjoined from making any further actual or implied claims, demands and causes of action, asserted or unasserted, express or implied, foreseen or unforeseen, real or imaginary, suspected or unsuspected, known or unknown, liquidated or unliquidated, of any kind or nature or description whatsoever, that the Plaintiff and the Third Party Defendants, any other person or entity making a claim by, through or under them, jointly and severally, ever had, presently have, may have, or claim or assert to have, or hereinafter have, may have, or claim or assert to have, against Brighthouse with respect to or relating to, or in connection with or arising out of the Annuity and/or the Death Benefit and/or interest thereon;

    4)    Plaintiff shall indemnify and hold harmless Brighthouse from any and all claims or causes of action brought by any person or entity who is claiming by, through, or on behalf of the

112655559.1

- 2 -

Estate of Shelly Collins based upon the claims herein released and settled or otherwise in any way related to, or in connection with or arising out of the Annuity or Death Benefit;

5) Plaintiff hereby absolutely and irrevocably assigns to Brighthouse any and all interest, claims, and rights, including, but not limited to, rights of reimbursement the Trust and/or the Annuitant and/or her Estate have against George Schmidt, Eric Schmidt, Lincoln Financial Advisors Corporation, and/or others for the Brighthouse Annuity death benefit previously distributed by Brighthouse to George Schmidt, but not any interest or rights related to any other claims, including those related to the Massachusetts Mutual Insurance Company annuity;

6) Brighthouse shall have first priority from any recovery by Plaintiff, on behalf the Trust, of any funds received in connection with its claims against George Schmidt, Eric Schmidt, and Lincoln Financial Advisors Corporation representing the Brighthouse Annuity death benefit previously distributed by Brighthouse to George Schmidt; but not first priority for any recovery related to any other claims, including those related to the Massachusetts Mutual Insurance Company annuity;

7) Plaintiff and his legal representatives shall agree to cooperate and do whatever is necessary to enable Brighthouse to exercise the company's rights and do nothing to prejudice those rights in connection with its claims for reimbursement of the funds previously paid by Brighthouse to George Schmidt; however, the parties acknowledge that Plaintiff will continue to prosecute claims against George Schmidt, which could put the Plaintiff and Brighthouse in competing positions for Mr. Schmidt's assets.

8) In the event Plaintiff obtains a recovery in the FINRA Action arising out of, in connection with, or related in any way to the Brighthouse Annuity Death Benefit previously distributed, Plaintiff and the Collins Trust shall hold said funds in trust and shall within 7 days of receipt of said funds, shall forward in full said recovery to Brighthouse through its counsel of record in this action; and

9) Upon Notice to the Court of the distribution of the Death Benefit as described in Paragraph 2 above, Brighthouse and any claims asserted or that could have been asserted against

201 East Washington Street, Suite 1200 Phoenix, AZ 85004

3

112655559.1

Brighthouse shall be dismissed with prejudice, without fees or costs to any party.

This ORDER shall be deemed a final judgment in accordance with Fed. R. Civ. P. 54(b), there being no just reason for delay.

**IT IS SO ORDERED**.

Dated this __16__ day of September, 2021.

_____
Gloria M. Navarro, District Judge
United States District Court

112655559.1